**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**DETROIT OFFICE**

| | | |
|---|---|---|
| BRIAN O'NEIL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-cv-14040 |
| | ) | |
| v. | ) | |
| | ) | |
| ZENCO COLLECTIONS, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, BRIAN O'NEIL, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, ZENCO COLLECTIONS, LLC, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. BRIAN O'NEIL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Richmond, County of Macomb, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Chase Bank-WAMU (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly originally owed to Chase Bank-WAMU was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, DeVille Asset Management purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. ZENCO COLLECTIONS, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of Texas. Defendant is registered as a limited liability company in the State of Texas.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. On or about September 3, 2015, Defendant initiated a telephone call to Plaintiff's mother.

16. During the course of the aforesaid telephone call between Defendant and Plaintiff's mother, Defendant informed Plaintiff's mother that Defendant was attempting to collect a debt from Plaintiff and that it was going to file a complaint against Plaintiff at the Macomb County Courthouse.

17. During the course of the aforementioned telephone call, Defendant's representative disclosed the name of Defendant despite not being expressly requested to do so.

18. During the course of the aforementioned telephone conversation, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

19. Plaintiff's mother did not request that she be contacted by Defendant.

20. Plaintiff did not consent to Defendant contacting third parties.

21. Plaintiff did not provide consent to Defendant to disclose the Debt to third parties.

22. Plaintiff's mother conveyed the content of her telephone call with Defendant to Plaintiff.

23. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

24. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

25. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

26. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

27. On or about September 10, 2015, Defendant mailed correspondence to Plaintiff dated September 10, 2015.

28. The aforesaid correspondence was the initial communication with Plaintiff.

29. The aforesaid correspondence did not contain a statement that unless Plaintiff, within thirty days after receipt of said correspondence, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

30. The aforesaid correspondence offered to settle the Debt with Plaintiff. The aforesaid correspondence further stated:

> *"Once funds have cleared all actions will be ceased. In addition, all derogatory credit information regarding this account will reflect the account to be settled. Please allow ninety (90) days for credit information to be updated. If for any reason the funds do not clear, the agree upon settlement will be null and void and all legal collection actions will be reinstated immediately."*

31. Defendant's representations, in its correspondence to Plaintiff dated September 10, 2015, as delineated above, were false, deceptive and misleading given that it had the effect of communicating to an unsophisticated consumer that the Debt was being reported by Defendant to the credit reporting agencies as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

32. Upon information and belief, Defendant has not reported the Debt to any credit reporting agency.

33. Defendant's representations, in its correspondence to Plaintiff dated September 10, 2015, as delineated above, were false, deceptive and misleading given that it had the effect of communicating to an unsophisticated consumer that a lawsuit was pending against Plaintiff.

34. Upon information and belief, no lawsuit has been filed by Defendant against Plaintiff to collect the Debt.

35. Defendant's representations, in its correspondence to Plaintiff dated September 10, 2015, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that no lawsuit was pending against Plaintiff.

36. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

37. In its attempts to collect the debt allegedly owed by Plaintiff to Chase Bank-WAMU, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

  e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  f. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

  g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

38. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRIAN O'NEIL, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

          Respectfully submitted,
          **BRIAN O'NEIL**

        By: s/ David M. Marco
          Attorney for Plaintiff

Dated: November 17, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail:  dmarco@smithmarco.com